The 4th District Appellate Court in the State of Illinois is now convened. The Honorable Thomas M. Harris to present. Thank you. Please be seated. The first case this afternoon is case number 4-21-0378, Donley v. City of Springfield et al. Counsel for the appellate, could you state your name for the record please? Katia McMasters for the City of Springfield, Your Honor. Alright, thank you. And for the appellate? Merrick Lane for the appellate, Your Honor. Alright, thank you. As you will notice, Justice Steinman and I are at the bench. Justice Bridges is appearing as the third panelist in this case via Zoom. Justice Bridges will be a fully participating member of this panel and will be able to ask questions of counsel during the course of this session. Alright then, Ms. McMasters, are you ready to proceed? Yes, Your Honor. You may. Thank you. May it please the Court? Opposing counsel? The issue that the city raised on appeal today is whether the circuit court erred in awarding the plaintiff attorney's fees and costs after finding that the city did not violate FOIA. In light of this court's recent decision in the Martinez v. City of Springfield case that came out mid-briefing through this matter, I'm no longer going to argue the statutory interpretation portion of this issue. However, it remains the city's position that even under the Martinez case, the plaintiff in this matter is not considered a prevailing party. As this court is well aware from the Martinez decision, this court held that a favorable court finding is unnecessary for a FOIA complainant to prevail against a governmental body. However, this court did not hold that a FOIA complainant is considered a prevailing party any time that a public body produces records after a lawsuit is filed. Why should that be our rule? Your Honor, respectfully, I believe that this case is distinguishable from the Martinez case. I'm not asking you to distinguish Martinez, but just why should that be the rule that if a plaintiff sues to get information under the FOIA because it wasn't given and the plaintiff has to go to the trouble of suing and only after being sued does the public entity, in this case the city, turn it over. Why shouldn't that be viewed as the equivalent of being a prevailing party? Your Honor, I do intend to discuss some supporting case law in this sense. No, I have no question about case law. Just tell me, it's a matter of policy. If we were having a clean slate, why shouldn't the public entity who turns over the documentation only after being sued be forced to pay attorney's fees for requiring the plaintiff to sue to get the documents? At the time of this request, Your Honor, the city's denial was appropriate and the court explicitly held that the city did not violate FOIA. It was not because of the city's voluntary change of position that the documents were turned over. The city ultimately turned the documents over because it became aware of facts that allowed us to turn those documents over, but we did not know of those facts until after the lawsuit was filed and the plaintiff told us of those critical facts. Again, as this court is likely aware from the briefing, it was denied because the requester was an inmate and was requesting documents pertaining to individuals other than himself. So a very clear exemption applied under the FOIA statute in this matter. And it was not until after the plaintiff filed suit that we learned that there was a pending case or claim that would allow the city to then turn over the documents. So what would be your bright line rule for the award of fees if you were disagreeing with Justice Steigman's premise? Your Honor, I respectfully don't believe that there can be a bright line test. What should be the test then? I think that it needs to be determined upon a case-by-case basis, looking at the very specific facts of each case. And the recent Supreme Court decision in Green v. Chicago Police Department I feel is a prime example because even those facts are different from the ones that are before the court today. And they adopted the at-the-time-of-request approach when looking at whether attorney fees should be awarded and whether a requester is considered to have prevailed. So this case is distinguishable from Martinez because, as this court is aware, in that decision it was critical that in this court's decision that in Martinez the city unfortunately violated FOIA by not complying with the statutory deadline. And in this case the record clearly establishes that the city did not violate FOIA. Let me explore that a bit further. The city denied the FOIA request when it was first made by the plaintiff in this case. And the plaintiff then filed suit. Is that correct? Yes, Your Honor. And the city then changed its position and provided the documents that the plaintiff was requesting. Because you say the plaintiff changed its position or clarified it in some way, what was that? I would say clarified. The city did not change its position and admit that it did any wrongdoing. The city maintained its position throughout the course of proceedings that its denial at the time of the request was appropriate. The city ultimately turned over the documents. So the exception, if I can step back for a moment, there's essentially an exception to the exception under FOIA. It says that the documents are exempt from disclosure if the requester is an inmate unless it is necessary for a current or pending case or claim. There was no current, pending, or contemplated claim against the City of Springfield at the time of the plaintiff's request. It was not until the plaintiff filed the lawsuit and alleged in its lawsuit that it had a pending federal claim against Sangamon County employees. I don't think the city is obligated in any respect to search all of the state and federal courts to determine whether there's a contemplated or pending case or claim against a different public body other than the one that is the subject of the request. So the city's denial was completely appropriate and there was absolutely no violation of FOIA. The reason for the ultimate production was independent of any admission of wrongdoing by the city. And I think that that does not serve the public policy behind the attorney fees provisions of FOIA. That was discussed at length in this court's decision in Martinez as well as uptown in Purdue. The center of the public policy is essentially some kind of wrongful or questionable conduct by the public body prior to disclosing those documents. And that's simply not present in this case. This is a matter of practice in this realm of litigation. Is it common for the parties after a complaint has been filed but prior to a court decision, for them to negotiate in regards to records to be released, perhaps a narrowing of the request and then production is made pursuant to that negotiated restriction of the request? I'm trying to figure out the what if scenarios. What if there has been a denial by the municipality after receiving a request, a complaint is filed, subsequent negotiations between the parties, the request is narrowed by the requester and the municipality then produces records. Now, in that situation, it would seem potentially unfair for the municipality to then have to pay attorney's fees. Maybe, maybe not. But can you just tell me in terms of practice, does that happen? I certainly think that it does. I think that negotiation can occur sometimes at two different stages after the denial. There's certainly situations where the city is contacted after a denial for clarification before a lawsuit is even filed. And there are certainly situations where negotiation can happen after the lawsuit is filed. And I would agree with you, Your Honor, that I think that in certain situations, again, very fact specific, that it may and would be unfair for the public body to essentially burden them and to carry the plaintiff's attorney fees when it did not do anything wrong in its denial in the first place. The Supreme Court in the Green versus the Chicago Police Department in September of this year actually noted that. The court in that case explicitly held that accounting for changed circumstances during litigation could lead to the absurd result of burdening the public body with the requester's attorney fees, even if the denial was proper when the agency made its decision. The Supreme Court in that case explicitly adopted the time of request approach and that changed circumstances that rendered the initial denial improper. In those circumstances, the appropriate relief is for the requester to refile their request. And it's undisputed in this case that the city did not have any indication that there was a pending case or claim that would have allowed us to disclose the documents under FOIA. There was a similar situation in the Fifth District in June of this year in Watson v. Illinois Department of Corrections. Can you hear me? I'm sorry. I apologize, Your Honor. Yes, I can hear you. Let me go in a different area here for purposes of oral argument. I know in the trial court you argued the unreasonableness of the attorney's fees. Yet in your initial brief before us, you didn't address the reasonableness of the fees. It was only in your reply brief that you, in fact, raised the issue of the reasonableness. So why shouldn't this argument be forfeited? Your Honor, the city was the, as the court is again likely aware, the city was the original appellant in this matter. And the city was only appealing the award of attorney's fees at all. At the time, we stated that, and it was our position, that the plaintiff was not a prevailing party, so no attorneys should be awarded. It wasn't until the cross-appeal by the plaintiff in this case that the amount of the fees was raised. So I did not address those arguments in my initial briefing because I had not raised that issue. And I'm happy to address the reasonableness of the fees, but I would respectfully save that for rebuttal in response to whatever the appellee's arguments may be. But again, I feel that any fees in this matter are completely inappropriate because the city did not violate FOIA. In Watson, the IDOC denied a request for medical records by an inmate because that inmate had failed to follow the IDOC's administrative procedures for obtaining them, and the inmate then filed suit. The IDOC did eventually provide Wester with those documents after he filed suit because during the pendency of the litigation, he did finally comply with the IDOC administrative procedures for obtaining those records. The IDOC then filed a motion to dismiss that was granted because the records were exempt at the time the request was made. On appeal, the 5th District actually upheld that dismissal, specifically holding that it was distinguishable from the Uptown case that came out of the 1st District because an adverse judgment was entered against the requester. The court also held that the IDOC did not produce the documents based upon a voluntary change of position, that it was because the plaintiff, during the pendency of the litigation, finally complied with the rules that would then allow the IDOC to turn those over. This case is very, very similar in that respect, as I have already discussed. The voluntary change of position is also consistent with what is in the federal FOIA statute with respect to attorneys fees, so I think the Supreme Court and the 5th District rulings are consistent with federal law in that respect. Again, I don't think that awarding attorneys fees in this matter furthers the general public policy of FOIA and the attorneys fees statute because the city did not engage in any wrongful conduct, otherwise violate FOIA. As noted by the Supreme Court in green, this would essentially create an absurd result. I understand that the purpose of the attorneys fees is not to be a windfall to the plaintiff or a punishment to the defendants or the public body in this case, but if attorneys fees are in fact awarded in this case, I believe that that is effectively exactly what it does. It would effectively punish the city of Springfield for doing absolutely nothing wrong and rewarding the plaintiff for not disclosing pertinent information until after the lawsuit was filed and attorneys fees had been incurred. Counsel, let me ask you to explain specifically what you began with, because I want to make sure I understand it. Your argument that the city's initial refusal was appropriate because of the exception to the exception, as you put it. Give me the statutory provision that you're referring to. That is section or subsection E10. So it's 5 ILCS 140 5 slash 7 dash 1 subsection E dash 10. 5 dash 7 what? 7 dash 1 parenthesis subsection E dash 10. And that is contained in the briefings, your honor. And that says that you can deny a request such as the one made in this case if what? If the request is made by someone who is incarcerated and they are requesting documents that pertain to individuals other than themselves. And in this case, prior to filing the suit, the city did turn over documents that pertained to the requester himself. The city denied a plethora of additional police reports that pertained to other individuals that resided at particular addresses. The city would have been allowed to turn, again the exception to the exception, is that unless he needed those for a current or pending case or claim. And again, there was no... What section of the statute says that? It's contained within the same section, your honor. So if I understand your argument, it's that your obligation in the city's eyes to turn these documents over only occurred when you were notified by the lawsuit Donnelly filed, which identified the litigation he had brought in federal court against Seidman County? Correct, your honor. In which, for the first time then, this exception to the exception applied? Yes, your honor. And absent that information, or let's put it this way, if there had been no lawsuit brought against Seidman County in which this information could have been pertinent to that lawsuit, do you think your declining to comply with FOIA would still be appropriate? Absolutely, your honor. So in the initial FOIA request, if I understand you correctly, Donnelly did not indicate this other litigation that made the exception to the exception applicable? Not in any way, shape, or form. There was not even a... And it only happened for the first time in the lawsuit. Allegations of the complaint, yes. So when you saw the allegations of the complaint and you realized the exception applied, then the city complied with the request? Yes, your honor. So it's the city's position that because you're acting in good faith, the prevailing party provision of the statute shouldn't apply because you only were told about the prevailing parties about the other lawsuits when it was filed and you responded timely and appropriately, is that correct? Yes, that our denial was appropriate at the time the plaintiff made their request. Now was this discussed in the trial court? And was this what the trial court said, that your initial denial was appropriate? Yes, your honor. That was the finding on summary judgment. Okay. So that's why that was pertinent then at that point? Yes, your honor. Given that, why did the court then award attorney fees? The court awarded attorney's fees because of the Uptown case primarily. The Uptown case had that holding where they turned over the documents and were considered a prevailing party. But there were the facts in Uptown, I believe. I can't necessarily say that they're distinguishable because there weren't necessarily a lot of facts given in the background of that case. That was a police district case? Yes, your honor. Really the only facts that were given in that case was that sometime during the pending litigation, the documents were turned over. They didn't necessarily say why, and that's why I believe that a case-by-case approach needs to be adopted. But the trial court in this matter primarily relied upon the Uptown case and ultimately turning over the documents to find that the plaintiffs were the prevailing party, and that is where I believe the trial court erred in this matter. If we disagreed with your assessment under the statute and thought that you should have turned over the documents to begin with, is it your position then that the award of attorney's fees by the trial court would have been appropriate? I believe that that would be an appropriate circumstance if the city court found that the city's denial was improper such that we violated FOIA. I think it's pretty clear that the plaintiff would be considered a prevailing party under those circumstances. But again, I feel that the record very clearly establishes in this matter that our denial was appropriate and we did not violate FOIA. How do you suggest we view the trial court's making an award of attorney's fees less than you suggested? I believe that the trial... Again, assuming the court disagrees and that fees were appropriate, I believe that the reduction was wholly appropriate. The initial fees that were sought by the plaintiff, I believe, were unreasonable in light of the facts of this case. Would the court like me to continue? If you're finished with your answer, but if you need to complete it, go ahead. I'm happy to address that in rebuttal, Your Honor. Thank you very much. All right. Thank you, Ms. McMaster. You'll have time in rebuttal, Mr. Wayne. Thank you. May it please the court. Springfield Police Department is making a distinction where there is none here. It's very clear that under the Catalyst Theory, that a FOIA request prevails when records are produced in response to the lawsuit. Whether that is by court order or prior to a court order, the 1st District, the 5th District, and even this District has found that the Catalyst Theory, and the federal government as well, has applied the Catalyst Theory because it furthers the purpose of FOIA, which is to encourage transparency and allow people to monitor the government. Going with a court order approach or creating a case-by-case approach where fees are just never clear does not further transparency and only creates situations where public bodies can go about denying records until they get a FOIA lawsuit served on them, and then they just produce the records, and then they're completely stock-free and they don't have to be held accountable for any denials that they make then. How do you respond then to what Ms. McMaster has described occurred here, and if there is a change compared to the initial report? In this case, the defendant is making the claim that they were not allowed to produce the records until after they were made aware of Mr. Donnelly's federal lawsuit. That's not how the FOIA exemptions are set up. Section 7.1 is clear that non-exempt records are supposed to be made available, and if the record contains exempt information, the public body may redact that information. They may withhold it. There is no requirement in FOIA that records be withheld. There's no requirement that records are prohibited from being disclosed, except for where it says prohibited specifically, such as in Section 7.1a, where it points to another state law that specifically prohibits. But when you have exemptions like 7.1e-10, or many of the other ones, the deliberative process, the ongoing law enforcement investigations, all these exemptions are shall and they are discretionary for the public body to assert. Now, of course, the public body— I'm not sure I follow you. What do you mean when you talk about e-10 as being discretionary? Right. So my point that I'm trying to make is that they weren't— it's not that they were magically allowed now all of a sudden to release the records once they were made aware of Mr. Donnelly's request. Let's pause it this way. At the time Springfield received Mr. Donnelly's FOIA request, there was no mention of the lawsuit. Is that correct? That is correct, Your Honor. There is also no requirement in the statute. Just answer my question. Yes. Okay. At that point, was the city required, absent any reference to the lawsuit, to turn over the material requested by Mr. Donnelly? So what we did argue before the trial court was that the city actually had— Counsel, this would be a lot easier and quicker if in response to my questions, a call for a yes or no answer. You first answered yes or no, and then explained your answer if needed. Okay. So let me ask that question again. At the time the city received this request, without any reference to the lawsuit, was it under any obligation to turn over the material requested by Mr. Donnelly in his FOIA request? Any other beyond FOIA? Well, based upon the request, the city received Mr. Donnelly at that point. Yes, they had an obligation to turn over the records. Okay. Explain what that was. So as we argued before the trial court, Mr. Donnelly's request, it was five parts. The first two parts pertained to police reports that either Mr. Donnelly was the victim in or was the person who reported them. All these police reports occurred at the halfway house, at a specific halfway house that Mr. Donnelly was at when he was the victim of a battery, when he witnessed thefts occurring. And parts three and four, which were subject to this lawsuit, dealt with other police reports that occurred at that halfway house. And this is because this federal lawsuit was against IDOC and halfway house officials, alleging unsafe conditions and alleging that there was some sort of retaliatory practice brought against Mr. Donnelly. Obviously, that is not before this court to decide. So our position before the trial court was that the information contained in those first two police reports should have been enough to show that he may have a case or claim that these records are relevant to. The allegation- Hold it right there. I apologize. They tendered those records to you, did they not? Parts one and two, they tendered before the lawsuit. And parts three and four, they tendered after we filed the lawsuit. Okay. And so you're talking, what you're talking about is some of the reports that were in fact tendered to you. Correct? Yes. I guess, let me, as a follow-up to Justice Steinman's question, because I want a yes or no as well. Was the documents in three and four exempt at the time of the FOIA request?  Under the statute, were they exempt under the statute? Our position is no, but the trial court did find that they were exempt. Why do you think it's no? It seems clear that they would be. Because the information that they would have learned from reviewing parts one, the records responsive to parts one and two, would have shown that the records responsive to parts three and four may be relevant. And that's a key language that- So they have to draw the inference as opposed to the burden on the plaintiff of saying it explicitly? Your Honor, under FOIA, the burden is on the public's part. The answer is yes? Yes. They would have to draw the inference? Yes. As opposed to your client making a FOIA request stating it specifically? Yes. And that's because in responding to the FOIA request, they have to review all the records responsive to parts one through four. And within that singular action of responding to the request, they could have drawn that inference. And language in the statute is a much lower burden that is maybe relevant. So if they look at the request and look at records in three and four and think, gee, you know, maybe there could be a lawsuit brought here, but we haven't been told about it, that's enough? Yes, Your Honor. Maybe relevant. Is there any case law that so says, or will we be the first? There is no case law on this. What is the policy, counsel? As a matter of policy, when a plaintiff is making an FOIA request as here, why shouldn't he be required to explicitly state what he wants and to make sure his request fully complies with the statute? And if there's an exception, he wishes to take refuge in to say why? Your Honor, it makes good policy, because the purpose of the FOIA statute as declared by the General Assembly is to make records available to the public and to allow the public to have access to records and make informed political judgments. And the General Assembly declared that the FOIA statute should be interpreted in a way that favors transparency and favors providing records to the public. Well, how burdensome would it be to put on the plaintiff to say, if you're involved in litigation that would make this exception apply, say so? How burdensome is that, counsel? Well, Your Honor, that's not in the statute. Well, the statute doesn't… Answer my question. My question is, how burdensome is it? Your Honor, so I guess I don't know how to say how burdensome it is. Your Honor, would you say not much? Wouldn't that seem to be the answer? Not much would be, yes. I do want to clarify something I said earlier. I said there is no case law on this exemption. There is an unpublished case that requires the requester to identify the case in their complaint, which we did. But as far as requirements go towards what's put in the request itself, the statute only has requirements when it comes to voluminous requesters or recurrent requesters and commercial requests in stating whether the purpose is for news media, nonprofit, academic, scientific, or commercial purpose. There isn't a similar requirement in the FOIA statute for a requester who is incarcerated to be identifying their case or claim. Counsel, I apologize, but again, just so that I'm clear, your argument is that the request 1 and 2, if the city had reviewed those, they would be able to glean from those reports that there's possible litigation coming because it involved the halfway house. That's your position? Yes, that they could have made the determination that it may be relevant. If we disagree, go ahead. Excuse me, Judge. Go ahead. I apologize. This is with the hybrid situation, but why would that be relevant? I mean, how can you read in a report about an incident at a halfway house and know that that automatically or presume that there's going to be some litigation to follow this? How do you make that leap? Well, Mr. Donnelly was a victim of a crime that occurred at the halfway house. There's also tort claims that can arise out of batteries. The statute, compared to the rest of the language in the FOIA statute where you have a higher burden, this wood language, the fact that it says may be relevant creates such a low bar that our position is that even the slightest inference such as that of drawing a connection between a person who is a victim of a battery and a litigation. So you essentially do away with the exemption in its entirety? No, Your Honor. Why? Did you argue him? No, Your Honor. The exemption has good purpose in the statute. It is more intended to prevent someone who's incarcerated from just filing FOIA requests for other people in their cell block for the purpose of harassment. That's not what's happening here. Mr. Donnelly was merely collecting evidence for a federal lawsuit that he was bringing about an unfortunate situation that he was placed into. It was not intended to harass other people who were incarcerated with him or anything of that nature. This is purely as building evidence for his case. Mr. Wayne, it would seem that what you're suggesting here, instead of encouraging very clear, concise requests for information by a FOIA requester, might instead result in vague requests that following the filing of a complaint would lead to production of records because the vagueness of it would ultimately encompass some information the entity, governmental body had, and then that in turn would lead to an award of attorney's fees. How would that promote the purposes of FOIA? Your Honor, any release of records does promote the purposes of FOIA because it is making more information available to the public. Let me just be clear here. Sure. In this case, if instead of the request that was initially sent, it was one which was ultimately sent forth by Mr. Donnelly, and post the filing of the complaint, which led to a production of records at that point, which, according to you and according to the trial court, automatically resulted in the imposition of attorney's fees. Here, attorney's fees arose because of the lack of specificity in the initial request. Why is that a good thing? It's a good thing, Your Honor, because it ensures that people are able to find representation in FOIA matters. The reason why the chaos theory is the prevailing method of determining whether a party prevails in Illinois is because of the high barrier that attorney's fees can make for someone to bring a lawsuit, especially here where we have a person who was incarcerated and they were trying to get records to hopefully free themselves sooner than they actually end up getting released, and making it so that way they don't have to pay the fees themselves and their attorneys can recover it from the public body. It enables them to engage in this process of FOIA. Otherwise, they'd be completely cut out of the system, and these are largely people who are going to have records. I'm sorry, I apologize again, but FOIA requests not only can go through the court, but they can go through PAC. So there is an avenue. So when you argue about the fees as though that's an absolute, that's not an absolute. He could have obviously went through the PAC, and there would be no fees involved for him. Is that correct? Yes, Your Honor. He did have the option to go through the PAC. There is no requirement in the FOIA statute for anyone to go to the PAC, unlike other states that have an office through their attorney general. So why would you argue that this attorney's fees is the only way they can get this relief by being able to have an attorney to step in the case for them? Your Honor, going through the PAC doesn't guarantee that they will actually get a response from the PAC. Many times, the PAC can just close, request for review without any further explanation or investigation. Being able to file a lawsuit can ensure that they get to be heard in front of a judge if it gets to that point, or in a situation like this where the public body produces records. And on pages 87 and 143 of the record, Springfield does admit that they produce these records in response to the lawsuit to avoid litigation costs. That's primarily how the catalyst theory works, is that if records are produced in response to the lawsuit, then the requester is prevailing party. It's not a punishment. There's no windfall here. That is just how the catalyst theory works. Essentially, your argument is that your client, Donnelly, was not required to specify his lawsuit to put the city on notice about the provisions, how this provision E10 would apply. And when the city looked over the documents in 1 and 2, it provided the inference should have been drawn that there's a possible lawsuit, and the city should have provided numbers 3 and 4 as well. Is that correct? Yes, Your Honor. Now, if we disagree with that argument, do you lose? No, because records were still produced in response to the lawsuit. So, explain that to me. Under the catalyst theory, as the court was asking for a front line rule earlier, under the catalyst theory, if records are produced in response to a lawsuit, as in the lawsuit's a catalyst to production, then the requester prevails. It's a very clean way of determining whether a party is a prevailing party. Even if we conclude that the city was correct in its initial declining to produce records because of the failure of Donnelly to make clear the lawsuit that he was contemplating? Even if the city, in other words, was right in our judgment, you're saying they still have to pay attorney's fees? Yes, Your Honor. Just like if they denied a full request for a pending investigation, a law enforcement investigation, and the police are still investigating the case. Why does that make Donnelly the prevailing party for purposes of the fee statute? Because he has received records. And that's the only requirement under the catalyst theory. It's applied by the first district and federal courts. And this court has adopted the catalyst theory in Martinez v. Springfield. Why is that good policy? It's good policy because it makes it easier for people to bring forward. Why is it good policy if he failed to include material to put the city on notice to charge the city attorney's fees for providing materials after he provides the city with the information he should have provided the first time? The city could have fought the case and refused to produce the records. And if they received favorable ruling, the records were produced then. But once he revealed the litigation as counsel business McMaster, is that correct? Yes. And as counsel, the city said, okay, you're entitled to this. So up until that point, if the city was correct that Donnelly wasn't entitled to it, what sense does it make to require the city to pay attorneys? Because they still produced the records in response to the lawsuit. That's how the catalyst theory is set up in that way to create that bright line rule. The catalyst theory makes sense in almost all instances. How in the one I just described does it make any sense? Your Honor, it makes sense because ultimately he did get information. It did reveal information about the government and how the government has been acting. And even though they are taking the position that they acted properly at the time of the denial, his lawsuit was pending at that time. And he ultimately did receive records. And since the purpose of FOIA is about making information public, this information was made public. Is there any reason to believe in this record that the city would have improperly denied Donnelly's request if when he first made it, he'd included the information about the lawsuit? Your Honor, I'd be speculating as to that. Okay, go ahead and speculate. Is there any reason to think it would have denied him? Certainly. Your Honor, I mean I'd be speaking for, I can't glean into that. Well, they didn't properly respond once you told them about the lawsuit, did they? After we filed the lawsuit, they ultimately did produce the records, yes. Doesn't that suggest that maybe they would have done that to begin with had Donnelly told them about the lawsuit? They may have, Your Honor. They did not, though. By that, they should be punished, you think, $11,000 worth of attorney's fees for not sufficiently inferring that there might be a lawsuit. Your Honor, it's not a punishment. There's a civil penalty provision for punishment. We did pursue that in front of the trial court. We were denied penalties. So we're not seeking penalties here on appeal. Fees are not a form of punishment as other courts have determined. They had the privilege of paying the fees. The privilege, yes. Well put. All right. Counsel, you're out of time. Justice Bridges, do you have any other questions? I do not. Thank you. Okay, thank you. Just so I'm clear, this is the only speaking time for both appeals. Is that correct? That's correct. That's what we were notified of in advance of oral argument. Thank you. Okay, thank you. Ms. McMaster's rebuttal argument? Yes, Your Honor. Thank you. With respect to the arguments about the catalyst theory, the lawsuit itself in this case was not necessarily the catalyst. The filing of the lawsuit did not prompt the city to go, Whoops, we made a mistake. We better turn the documents over. The filing of the lawsuit did not cause the city to go, Oops, we better turn over all these documents just so we can avoid fees and additional litigation. It was the plaintiffs finally disclosing the lawsuit that allowed us to determine the records were able to be disclosed. How long did it take for the city to then turn over those records? Because the records were rather substantial, Your Honor, and we needed to go through them to redact certain private or personal information. I apologize that I'm not familiar with, or I'm sorry, I cannot quote the exact timing. I know that those facts are discussed in our brief, but I believe it took a few months from the time the lawsuit was filed and the city was served because it also took a few months for the city to actually be served. Did the time to respond ultimately after being notified of the lawsuit factor into the trial court's award of fees, or was the trial court's award of fees simply because records were ultimately turned over? It did not appear to be a factor. It was the latter that we ultimately produced the documents as to why the trial court awarded fees. And as Justice Bridges alluded to, requiring the city to essentially speculate as to what a case or claim may be, particularly when it is not a case or claim against the city itself, would essentially render the exemption under the FOIA statute supportless. What's the point of the exemption being in there if we could turn over the documents because there's any kind of case or claim that could possibly be contemplated from the records that are sought? The city, once it finally had the appropriate information, attempted to comply with the spirit and the overarching public policy of FOIA by providing the documents. If attorney's fees are awarded under the facts that are presented by this court, it essentially leaves public bodies in an impossible situation. Turn over the documents and pay the fees or continue to deny the request and continue to pay the public body's attorney's fees. It leaves us in an impossible situation, which I don't feel serves the public policy of FOIA. Yes, Your Honor. I apologize, but does the city have a continued obligation under FOIA to provide the discovery? In other words, the litigation is pending in this case and you have not yet been advised of the case to get around the exemption. Is there a continued duty under the FOIA? The reason I ask you this is because counsel for the appellee seemed to continue to fight the litigation to see if your argument regarding the exemption was correct and then we wouldn't be addressing the attorney's fees. So if you could respond to that because that's where he was taking us. Most certainly, Your Honor. And there's certainly no explicit requirement under the FOIA statute itself. And I believe that that issue was very much clarified by the Illinois Supreme Court's September decision in Green versus the Chicago Police Department where they adopted the at the time of request standard. They adopted the standard that the courts are obligated to look at whether the denial is appropriate at the time the request is made. So under that case, I believe that no, there would not be a continuing obligation that the courts and the plaintiffs are only, and not the plaintiffs, excuse me, the public bodies are only obligated to look at what was existing at the time that the request was made. So I thank you for that question, Your Honor. Again, Your Honors, I would just like to summarize that the city, it's the city's position that the plaintiff was not a prevailing party in this case because we did not violate FOIA and we would very much respectfully request that this court reverse the trial court's award of attorney's fees in total. Thank you very much. All right. Thank you, counsel. Thank you both. The case will be taken under advisement and a written decision shall issue. Thank you.